UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA MARIA NEALS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. CV 16-834 JC<br><br>MEMORANDUM OPINION |

## I.　SUMMARY

On February 5, 2016, Cynthia Maria Neals ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's applications for benefits. The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; February 10, 2016 Case Management Order ¶ 5.

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED. The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.

## II.  BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On September 11, 2011, plaintiff filed applications for Supplemental Security Income and Disability Insurance Benefits alleging disability on August 15, 2008, due to atrial fibrillation, and degenerated disc. (Administrative Record ("AR") 25, 232, 234, 262). At a hearing on October 2, 2013, ("First Hearing") the ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert ("First Vocational Expert"). (AR 39-67). At a continued hearing on April 30, 2014 ("Second Hearing") the ALJ heard testimony from plaintiff, a different vocational expert ("Second Vocational Expert"), and a medical expert. (AR 68-102).

On May 7, 2015, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 25-33). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: degenerative disc disease of the lumbar and cervical spines, osteoarthritis of the left knee, and obesity (AR 27); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 28); (3) plaintiff retained the residual functional capacity to perform light work (20 C.F.R. §§ 404.1567(b), 416.967(b)) with additional limitations[1] (AR 29); (4) plaintiff was capable of performing past relevant work as an order clerk (AR 33); and (5) plaintiff's statements regarding the intensity, persistence, and limiting effects of subjective symptoms were not entirely credible (AR 29).

On December 11, 2015, the Appeals Council denied plaintiff's application for review. (AR 1).

---

[1]The ALJ determined that plaintiff had the following limitations: (i) no more walking than four hours out of an eight hour workday; (ii) no more than occasional postural maneuvers; (iii) no climbing ladders, ropes, or hazards; (iv) no exposure to hazards; and (v) no crawling. (AR 29).

### III. APPLICABLE LEGAL STANDARDS

#### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). The impairment must render the claimant incapable of performing the work the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is required to use the following five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

(4) Does the claimant possess the residual functional capacity to perform claimant's past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

(5) Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work

    experience, allow the claimant to adjust to other work that
     exists in significant numbers in the national economy?  If so,
     the claimant is not disabled.  If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citations omitted); see also 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (explaining five-step sequential evaluation process).

  The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five.  Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted).

**B.**  **Standard of Review**

  Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)).

  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).  To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'"  Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).

  An ALJ's decision to deny benefits must be upheld if the evidence could reasonably support either affirming or reversing the decision.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

///

Even when an ALJ's decision contains error, it must be affirmed if the error was harmless. Treichler v. Commissioner of Social Security Administration, 775 F.3d 1090, 1099 (9th Cir. 2014). An ALJ's error is harmless if (1) it was inconsequential to the ultimate nondisability determination; or (2) despite the error, the ALJ's path may reasonably be discerned, even if the ALJ's decision was drafted with less than ideal clarity. Id. (citation and quotation marks omitted). The claimant has the burden to establish that an ALJ's error was not harmless. See Molina, 674 F.3d at 1111 (citing Shinseki v. Sanders, 556 U.S. 396, 409 (2009)).

## IV. DISCUSSION

Plaintiff essentially contends that (1) the ALJ's step four determination is not supported by substantial evidence; and (2) the ALJ failed properly to consider certain medical opinion evidence. As discussed in detail below, plaintiff is not entitled to a reversal or remand on either ground.

### A. Substantial Evidence Supports the ALJ's Step Four Determination Regarding Past Relevant Work

Plaintiff essentially contends that a reversal or remand is required because the ALJ's determination that plaintiff's past relevant work included "order clerk" was not supported by substantial evidence. (Plaintiff's Motion at 9-11). The Court disagrees.

#### 1. Pertinent Law

The Commissioner may deny benefits at step four if the claimant has the residual functional capacity to perform past relevant work – *i.e.*, a particular past relevant job as "actually performed," or the same kind of work as "generally" performed in the national economy. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001) (citing Social Security Ruling ("SSR") 82-61); SSR 82-62 at *3. Social Security regulations define past relevant work as "work that [a claimant has] done within the past 15 years, that was substantial gainful activity, and that

lasted long enough for [the claimant] to learn it." 20 C.F.R. §§ 404.1560(b)(1), 416.960(b)(1).

When classifying a claimant's past relevant job as "actually" performed, ALJs look to "a properly completed vocational report" and the claimant's testimony. Pinto, 249 F.3d at 845 (citing SSR 82-41, 82-61). The best source for information regarding how an occupation is "generally" performed is usually the Dictionary of Occupational Titles ("DOT"). Id. at 845-46 (citations omitted); see also 20 C.F.R. §§ 404.1566(d)(1), 416.966(d)(1). The DOT is the presumptive authority on job classifications. Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995). The ALJ may also rely on testimony from a vocational expert. See Pinto, 249 F.3d at 845-46 (citations omitted); SSR 82-61 at *2; see, e.g., Bailey v. Astrue, 2010 WL 3369152, *5 (C.D. Cal. Aug. 24, 2010) ("vocational expert's testimony constitutes substantial evidence to support [] ALJ's Step Four determination that plaintiff can perform his past relevant work") (citations omitted).

"Substantial gainful activity is work done for pay or profit that involves significant mental or physical activities." Lewis v. Apfel, 236 F.3d 503, 515 (9th Cir. 2001) (citing 20 C.F.R. §§ 404.1571-404.1572 & 416.971-416.975). The primary factor used to determine whether a claimant was engaged in substantial gainful activity ("SGA") at a particular job is the amount of earnings a claimant derived from the job. Le v. Astrue, 540 F. Supp. 2d 1144, 1149 (C.D. Cal. 2008) (citing 20 C.F.R. §§ 404.1574(a)(1), 416.974(a)(1)). "There is a rebuttable presumption that the employee either was or was not engaged in SGA if his or her average monthly earnings are above or below a certain amount established by the Commissioner's Earnings Guidelines." Id. (citing 20 C.F.R. §§ 404.1574(b)(2)-(3), 416.974(b)(2)-(3)); Lewis, 236 F.3d at 515 ("Earnings can be a presumptive, but not conclusive, sign of whether a job is substantial gainful activity."). For example, for 2008 an employee would be presumed to have engaged in work at an

SGA level in a particular month if her average monthly earnings exceeded $940. See 20 C.F.R. §§ 404.1574(b)(2)(ii), 416.974(b)(2)(ii); Tables of SGA Earnings Guidelines and Effective Dates Based on Year of Work Activity, Social Security Administration Program Operation Manual System ("POMS") § DI 10501.015(B).[2]

Although claimants have the burden to show that they are no longer able to perform past relevant work, an ALJ's determination at step four still "must be developed and explained fully" and, at a minimum, contain the following specific findings of fact: (1) the claimant's residual functional capacity; (2) the physical and mental demands of the past relevant job/occupation; and (3) that the claimant's residual functional capacity would permit a return to his or her past job or occupation. Pinto, 249 F.3d at 844-45 (citations omitted); 20 C.F.R. §§ 404.1520(e), 416.920(e); SSR 82-62 at *3-*4.

### 2. Analysis

Here, substantial evidence supports the ALJ's determination that plaintiff's past relevant work included "order clerk."

First, there is substantial evidence in the record that plaintiff worked as an "order clerk" at some point within the relevant fifteen year look-back period – which, the parties agree, began at least in May 1999. (Plaintiff's Motion at 11; Defendant's Motion at 5). Plaintiff acknowledged that she worked at "Specialty Merchandise" in 1999 for "just the one year." (AR 49-50, 95-96). At Specialty Merchandise plaintiff worked "mainly in the order department" taking "incoming call orders[]" for "kits" of small business information, and she also answered customer telephone questions regarding pending orders. (AR 49-50, 95-96). Most of the time plaintiff performed the job while sitting, but would stand at her desk

---

[2]The POMS manual is considered persuasive authority, even though it does not carry the "force and effect of law." Hermes v. Secretary of Health and Human Services, 926 F.2d 789, 791 n.1 (9th Cir.), cert. denied, 502 U.S. 817 (1991).

"five or 10 minutes" at a time. (AR 95-96). In a "Past Relevant Work Summary" prepared for plaintiff and in testimony the Second Vocational Expert opined that plaintiff's past work included the job of "Order Clerk," DOT § 249.362-026, with a Specific Vocational Preparation ("SVP") Level 4, sedentary exertion level both as performed and generally, and acquired skills noted as "took order over the phone." (AR 98, 310).

Second, plaintiff has not rebutted the presumption that her work at Specialty Merchandise in 1999 plaintiff was at an SGA level. As plaintiff notes, a "Detailed Earnings Query" suggests that in 1999 plaintiff worked for five different employers, but the document does not identify the name of any specific employer. (Plaintiff's Motion at 7, 10; AR 244). Nonetheless, it would have been reasonable for the ALJ to infer that in 1999 Specialty Merchandise was the employer from which plaintiff earned the largest total yearly wages (*i.e.*, $15,400.73). (See AR 244). For example, at the First Hearing, the ALJ referred to plaintiff's job at Specialty Merchandise in 1999 as "previous work that was significant. . . ." (AR 49). At the Second Hearing, when the ALJ asked if the job at Specialty Merchandise "was just the one year[,]" plaintiff testified "yes." (AR 95-96). Accordingly, plaintiff's average monthly earnings for Specialty Merchandise in 1999 would have been at least $1,283.39 (based on total yearly wages of $15,400.73 averaged over a period of 12 months). (AR 241, 244). Such average monthly earnings were well above the highest maximum SGA level established by the Commissioner for 1999 (*i.e.*, $700 per month).[3] See 20 C.F.R. §§ 404.1574(b)(2)(ii), 416.974(b)(2)(ii); POMS § DI 10501.015(B). To the extent plaintiff argues that the vocational evidence does not reflect any employment at the SGA level during any month in 1999 that fell within the relevant 15 year

---

[3]The Commissioner's maximum SGA level from January through June 1999 was $500, and changed to $700 beginning in July 1999. See 20 C.F.R. § 404.1574(b)(2)(i) & Table 1; 20 C.F.R. § 416.974(b)(2)(i) & Table 1; see also POMS § DI 10501.015(B).

period (see Plaintiff's Motion at 11 ["No evidence suggests and the ALJ did not find that [plaintiff] worked as an order clerk after April 3, 1999."]), this Court will not second guess the ALJ's reasonable implicit determination to the contrary, even if such evidence could give rise to inferences more favorable to plaintiff. See Molina, 674 F.3d at 1111 ("Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record.") (citation omitted).

Finally, there is substantial evidence that plaintiff's work at Specialty Merchandise "lasted long enough for [plaintiff] to learn it." 20 C.F.R. §§ 404.1560(b)(1), 416.960(b)(1). The DOT states that an "Order Clerk" has an SVP of 4, and thus requires a learning period of "[o]ver 3 months up to and including 6 months." DOT § 249.362-026 ["Order Clerk"]; see also DOT, Appendix C – Components of the Definition Trailer, 1991 WL 688702 (1991). Here, the record supports a reasonable inference that plaintiff was employed, at a minimum, "over 3 months. . . ." (See AR 96) (plaintiff's acknowledging at Second Hearing that Specialty Merchandise job in 1999 lasted "the one year[]").

Accordingly, a remand or reversal on this basis is not warranted.

### B. The ALJ's Evaluation of the Medical Opinion Evidence Is Supported by Substantial Evidence and Free of Material Error

Plaintiff essentially contends that a reversal or remand is required because the ALJ failed properly to consider significant probative evidence from (1) Dr. Stephan Simonian, an examining psychiatrist who opined that plaintiff was "moderately limited" in her ability to interact with supervisors, coworkers, and the public, but had no other mental limitations ("Dr. Simonian's Opinion") (AR 367); and (2) Dr. F. L. Williams, a reviewing medical consultant who opined that plaintiff had "moderate" difficulty maintaining social functioning, but concluded that plaintiff's mental impairment was "non severe" (AR 129-30). The Court disagrees.

### 1. Pertinent Law

An ALJ is required to evaluate "every medical opinion" in a claimant's case record. 20 C.F.R. §§ 404.1527(b), (c), 416.927(b), (c). Nonetheless, the amount of weight given to medical opinions in Social Security cases, however, varies depending on the type of medical professional who provided the opinions, namely "treating physicians," "examining physicians," and "nonexamining physicians" (*e.g.*, "State agency medical or psychological consultant[s]"). 20 C.F.R. §§ 404.1527(c)(1)-(2) & (e), 404.1502, 404.1513(a); 416.927(c)(1)-(2) & (e), 416.902, 416.913(a); Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (citation and quotation marks omitted). A treating physician's opinion is generally given the most weight, and may be "controlling" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record[.]" 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); Orn v. Astrue, 495 F.3d 625, 631 (9th Cir. 2007) (citations and quotation marks omitted). In turn, an examining, but non-treating physician's opinion is entitled to less weight than a treating physician's, but more weight than a nonexamining physician's opinion. Garrison, 759 F.3d at 1012 (citation omitted).

An ALJ may reject the uncontroverted opinion of either a treating or an examining physician by providing "clear and convincing reasons that are supported by substantial evidence" for doing so. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (citation omitted). Where a treating or examining physician's opinion is contradicted by another doctor's opinion, an ALJ may reject such opinion only "by providing specific and legitimate reasons that are supported by substantial evidence." Garrison, 759 F.3d at 1012 (citation and footnote omitted). An ALJ may provide "substantial evidence" for rejecting a medical opinion by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his [or her] interpretation thereof, and making

findings." Id. (quoting Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998)) (quotation marks omitted).  An ALJ must provide more than mere "conclusions" or "broad and vague" reasons for rejecting a treating or examining physician's opinion.  Embrey v. Bowen, 849 F.2d 418, 421 (9th Cir. 1988); McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989) (citation omitted).  "[The ALJ] must set forth his [or her] own interpretations and explain why they, rather than the [physician's], are correct."  Embrey, 849 F.2d at 421-22.

While not bound by statements about a claimant's condition provided by nonexamining physicians, ALJs must consider such findings as "opinion evidence," and determine the weight to be given such opinions using essentially the same factors for weighing opinion evidence generally, such as "supportability of the opinion in the evidence," "the consistency of the opinion with the record as a whole," "any explanation for the opinion provided by the [nonexamining physician]," as well as "all other factors that could have a bearing on the weight to which an opinion is entitled, [such as] any specialization of the [nonexamining physician]."  20 C.F.R. §§ 404.1527(b), (c), 416.927(b), (c).  Since nonexamining physicians, by definition, have no examining or treating relationship with a claimant, the weight given to their opinions will primarily depend on the degree to which the opinions provided are supported by evidence in the case record and the extent to which the physicians explained their opinions.  20 C.F.R. §§ 404.1527(c)(2)(ii), (c)(3), 416.927(c)(2)(ii), (c)(3); see also SSR 96-6P ("The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual become weaker.").  Nonetheless, opinions of a nonexamining physician do not "inevitably" deserve less weight, and may serve as substantial evidence supporting an ALJ's decision "when they are supported by other evidence in the record and are consistent with it."  Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citations omitted).
///

An ALJ "must explain in the decision the weight given to [nonexamining] opinions" in the same manner as "opinions from treating [and] nontreating sources. . . ." 20 C.F.R. § 404.1527(e)(2)(ii); 20 C.F.R. § 416.927(e)(2)(ii); SSR 96-6p (ALJ not bound by, but may not "ignore" findings of state agency doctors, and ALJ's decision must explain the weight given to such opinions); Sawyer v. Astrue, 303 Fed. Appx. 453, 455 (9th Cir. 2008) (same); see generally 42 U.S.C.A. § 405(b)(1) ("ALJ's unfavorable decision must, among other things, "set[] forth a discussion of the evidence" and state "the reason or reasons upon which it is based").

### 2. Analysis

First, here, the ALJ implicitly rejected Dr. Simonian's Opinion because it was based entirely on plaintiff's self reports that she had an "attitude problem" and had been fired from a job because of her attitude. (AR 28) (citing Ex. B5F at 5 [AR 367]). In addition, plaintiff does not dispute the ALJ's finding that information provided by plaintiff "generally may not be entirely reliable." (AR 30). Thus, the ALJ properly gave little weight to Dr. Simonian's Opinion based thereon. See, e.g., Ghanim v. Colvin, 763 F.3d 1154, 1162 (9th Cir. 2014) (ALJ may discount medical opinion based "to a large extent" on a claimant's "self-reports" that the ALJ found "not credible") (internal quotation marks and citations omitted). In addition, the ALJ properly found that plaintiff's functional limitations were "mostly related to [plaintiff's] physical impairments, as opposed to [any] underlying mental impairment" given the paltry evidence in the record of any mental health treatment or objective findings regarding plaintiff's mental status. (AR 28). An ALJ may properly reject an examining physician's opinion that is unsupported by clinical findings or the record as a whole. See Mendoza v. Astrue, 371 Fed. Appx. 829, 831-32 (9th Cir. 2010) ("The ALJ permissibly rejected a medical opinion of a non-treating examining physician that was unsupported by the record as a whole.") (citing Batson v. Commissioner of Social

Security Administration, 359 F.3d 1190, 1195 (9th Cir. 2004)); cf. Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992) (ALJ may reject the conclusory opinion of an examining physician if the opinion is unsupported by clinical findings).

Second, the ALJ properly gave little or no weight to Dr. Williams' Opinion which (a) ultimately did not reflect any significant limitation in plaintiff's mental functioning, and (b) was apparently entirely based on Dr. Simonian's Opinion which, as just discussed, the ALJ was entitled to reject. (AR 129-30); cf., e.g., Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (opinion of nonexamining medical expert constituted substantial evidence to the extent it rested on examining physician's independent objective findings).

Finally, to the extent the ALJ did not properly consider the opinions of Dr. Simonian and/or Dr. Williams, plaintiff has not satisfied her burden to show that any such error was prejudicial. For example, plaintiff fails to demonstrate that either opinion reflects any distinct mental limitation related to an independent underlying mental impairment that was not already accounted for in the ALJ's assessment of plaintiff's physical residual functional capacity. See Sawyer, 303 Fed. Appx. at 455 (error in ALJ's failure properly to consider medical opinion evidence considered harmless "where the mistake was nonprejudicial to the claimant or irrelevant to the ALJ's ultimate disability conclusion. . . .") (citing Stout, 454 F.3d at 1055); cf., e.g., Matthews v. Shalala, 10 F.3d 678, 680 (9th Cir. 1993) (in upholding the Commissioner's decision, the Court emphasized: "None of the doctors who examined [claimant] expressed the opinion that he was totally disabled").

Accordingly, a remand or reversal on this basis is not warranted.

///
///
///

## V. CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: December 21, 2016

                                                 /s/
                                      Honorable Jacqueline Chooljian
                                      UNITED STATES MAGISTRATE JUDGE